IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR, SR., et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | NO. 10-00682 |
| v. | : | |
| | : | |
| SHEILA GIBSON, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**Slomsky, J.**                                                                                                                                    August 27, 2010

**I.     INTRODUCTION**

On February 18, 2010, Plaintiffs Victor Walthour, Sr., and Rosalyn Walthour (husband and wife) filed a civil Complaint (Doc. No. 1) asserting various claims that they contend arise under the federal crimes code set forth in Title 18 of the United States Code ("U.S.C."). At the time the Complaint was filed, both Plaintiffs were proceeding *pro se*; however, on March 25, 2010, an attorney entered his appearance on behalf of Mrs. Walthour. The attachments to the Complaint (Doc. No. 1) and the attachments to the Motion to Amend (Doc. No. 2) filed by Plaintiffs reveal that Mrs. Walthour is incapacitated and her affairs are being managed by court-appointed guardians.[1]

The Complaint appears to allege that Defendants Sheila Gibson, Paul Feldman, Kate Murphy, Linda Hobkirk, Emily Ryan, the Honorable Richard M. Cappelli, the Honorable James

---

[1] The Court will construe Plaintiffs' *pro se* pleadings liberally and consider Plaintiffs' "Motion to Amend" (Doc. No. 2) in conjunction with the Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

P. Bradley, Josh Waterson, and Mike Dagostino conspired to rob and extort financial assets from Mr. Walthour through the administration of a trust created for the benefit of Mrs. Walthour. The Complaint asserts federal question jurisdiction under 18 U.S.C. §§ 241, 242, 371 and 1951. The Complaint seeks the following relief, "Pretty much I just want justice in any fashion acceptable by court." (Doc. No. 1.)

Before the Court is a Motion to Dismiss filed on behalf of several Defendants: the Honorable Richard Cappelli, Judge of Pennsylvania Magisterial District Court 32-2-49; the Honorable James Bradley, Judge of the Court of Common Pleas of Delaware County; and Emily M. Ryan, court-appointed master in the Court of Common Pleas of Delaware County. Plaintiffs filed a response in the form of a Motion (Doc. No. 13) requesting that the Motion to Dismiss be denied (hereinafter "Plaintiffs' Response in Opposition"). Plaintiffs' Response in Opposition states in full: "Now this day 22 April 2010 I Victor Walthour ask that any Request For Dismissal be denied." (See Doc. No. 13.)

For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

**II. BACKGROUND**

Based on Plaintiffs' attachments to the Complaint (Doc. No. 1) and their Motion to Amend (Doc. No. 2), it appears that Mrs. Walthour was declared to be an "Incapacitated Person" on July 12, 2004 by a decree of the Court of Common Pleas of Philadelphia County, Orphans Court Division. (Motion to Amend, Doc. No. 2 at p. 10.) Mrs. Walthour sustained disabling injuries during the birth of her son. As a result, she received a multi-million dollar medical malpractice settlement which was placed in a trust account for her care and support. (Id. at p. 10-11.) As of January 5, 2010, the trust's assets were valued at $ 9,649,643.84. (Id. at p. 11.)

As noted above, the information regarding Mrs. Walthour's incapacitation and the trust created due to her medical condition was largely gleaned from a review of the documents attached to Plaintiffs' Complaint and Motion to Amend. These attachments primarily consist of judicial documents from proceedings in the Delaware County and Philadelphia County Courts of Common Pleas. The actual pleadings filed by Plaintiffs, however, are largely rambling and unclear. Plaintiffs appear to allege that Defendants falsified documents and conspired to rob and extort money from the trust created for Mrs. Walthour. For example, Plaintiffs allege the following:

> [Emily Ryan] used her powers as a state employee who's allowed to wear a "psuedo" [sic] black robe in a [sic] effort to clear some minor cases to assist others in a conspiracy plot to rob and extort Mr. Walthour.
> ....
>
> Master Ryan's assistance with others including Paul Feldman, Linda Hobkirk, Sheila Gibson, Kate Murphy, James P. Bradley, Establishment Team 9, Josh Waterson, Mike Dagostino stole money from Mr. Walthour under the disguise of Child Support @ $825.00 per month/ 750 per month and 75 arrears.
>
> Even though Mr. Walthour told Master Ryan that he pays all the bills opposite what she had been told without Mr. Walthours [sic] presence.
>
> Even though Mr. Walthour told Master Ryan he has never worked at Cracker Barrel, she insists on, that in 2001 my income tax statement shows Mr. Walthour was earning 1386 dollars per month.

(Doc. No. 2 at p. 2.)

### III. LEGAL STANDARD

The motion to dismiss standard under Rule 12(b)(6) has been the subject of recent examination, culminating with the Supreme Court's Opinion in Ashcroft v. Iqbal, 129 S. Ct.

3

1937 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949; see also Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007). Applying the principles of Iqbal, the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) articulated a two part analysis that district courts in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. See also Edwards v. A.H. Cornell & Son, Inc., 610 F.3d 217, 219 (3d Cir. 2010). First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11. Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Id. (citing Phillips v. County of Allegheny 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'– 'that the pleader is entitled to relief.'" Iqbal, 129 S Ct. at 1950; Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 123 (3d Cir. 2010). This "plausibility" determination under step two of the analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S Ct. at 1950.

## IV. DISCUSSION[2]

### A. Plaintiffs' Claims Under Criminal Statutes 18 U.S.C. §§ 241, 242, 371 and 1951 Fail to State Any Claim Upon Which Relief May be Granted

Plaintiffs have asserted claims against Defendants based upon violations of federal criminal statutes: 18 U.S.C. §§ 241, 242, 371, and 1951. However, a private individual may sue under a federal statute only when Congress intended to create a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit").

In this case, the federal criminal statutes relied upon by Plaintiffs do not provide a private right of action under which Plaintiffs may sue. See, e.g., Powers v. Karen, 768 F. Supp. 46, 51 (E.D.N.Y. 1991) ("because [18 U.S.C. §§] 241 and 242 do not provide for a private right of action, plaintiff's reliance on them is misplaced"), aff'd 963 F.2d 1522 (2d Cir. 1992); Rockefeller v. U.S. Court of Appeals for Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (finding that there is no private right of action under 18 U.S.C. § 371); Peterson v.

---

[2] The Motion to Dismiss before the Court was filed on behalf of three (3) of the nine (9) named Defendants in this case. The remaining Defendants either have not responded to the Complaint or were never served with the Complaint. However, as explained in Sections IV(A) and (B) of this Opinion, Plaintiffs' Complaint fails to state any claim upon which relief may be granted. The instant Motion to Dismiss raises this failure and Plaintiffs have had an opportunity to respond to it. Therefore, the Court's analysis of the current Motion to Dismiss, with the exception of the immunities section (IV(C) *infra*), is applicable to all Defendants. Consequently, while all Defendants have not joined in this Motion, *sua sponte* dismissal is appropriate as to all Defendants because Plaintiffs have had an opportunity to respond to the arguments which the Court finds necessitate the dismissal of the Complaint. See Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976); Giles v. Volvo Trucks N. Amer., 551 F. Supp.2d 359, 369 (M.D. Pa. 2008); Ogden v. Huntingdon County, No. 06-2299, 2007 WL 2343814, at *3 (M.D. Pa. Aug. 15, 2007); Coggins v. Carpenter, 468 F. Supp. 270, 279 (E.D. Pa. 1979).

Philadelphia Stock Exchange, 717 F. Supp. 332, 336 (E.D. Pa.1989) ("The Hobbs Act [18 U.S.C. § 1951] contains no language which suggests it can provide civil relief.") Thus, the case law is clear that none of the criminal statutes cited by Plaintiffs provide a private right of action. Accordingly, Plaintiffs' claims under 18 U.S.C. §§ 241, 242, 371, and 1951 will be dismissed for failure to state a claim upon which relief may be granted.

> **B.     Plaintiffs have Failed to State a Civil Rights Claim Pursuant to 42 U.S.C. § 1983**

Plaintiffs' allegations must be construed liberally, as pleadings filed by *pro se* plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Here, although Plaintiffs have not explicitly alleged a violation of their civil rights under 42 U.S.C. § 1983, the Court will presume that they intended to do so in naming several state actors as Defendants in this action.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In order to properly plead a Section 1983 claim, Plaintiffs must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a federally protected right. West v. Atkins, 487 U.S. 42, 48 (1988).

Assuming Plaintiffs intended to bring a Section 1983 claim, they have failed to properly plead such a claim. As noted in Section III *supra*, threadbare, conclusory statements will not

suffice to defeat a Rule 12(b)(6) motion to dismiss. Iqbal, 129 S. Ct. at 1949. Here, Plaintiffs' allegations, which are largely unclear, appear to be entirely conclusory. Furthermore, Plaintiffs have not identified, and the Court cannot surmise, a violation of any federally protected right based on the allegations pled. Therefore, any Section 1983 claim that may have been intended by Plaintiffs must be dismissed for failure to state a claim upon which relief may be granted.

  **C.**  **Claims as to Judicial Defendants are Barred by Sovereign Immunity and Absolute Judicial Immunity**

Although the Court has already found that any Section 1983 claim which may have been intended by Plaintiffs fails to state a claim upon which relief may be granted, the Court also notes that any such claim would be barred as to Defendants Bradley, Cappelli, and Ryan ("Judicial Defendants") under the doctrines of sovereign immunity and absolute judicial immunity.

First, with regard to sovereign immunity, all official capacity claims against Judicial Defendants must fail. As noted above, to state a Section 1983 claim, Plaintiffs must allege conduct by "a person," acting pursuant to state law, which violated their federally protected rights. Atkins, 487 U.S. at 48. A claim against state officials, such as Judicial Defendants, while serving in their official capacity, is considered a claim against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). However, a state is not "a person" within the meaning of Section 1983. Id. As the Supreme Court has explained:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity ... or unless Congress has exercised its undoubted power ... to override that immunity.

Id. at 66.  Thus, a claim against Judicial Defendants in their official capacity is, in reality, a claim against the state, and a state cannot be sued under Section 1983 for money damages.  Id.; Nelson v. Dauphin County Public Defender, No. 09-4466, 2010 WL 2075874, *1 (3d Cir. May 24, 2010) (*per curiam*) (finding that "no claim can be made against the Commonwealth of Pennsylvania, because it is not a 'person' subject to suit under section 1983."); Haybarger v. Lawrence County Adult Probation and Parole, 551 F.3d 193, 195 (3d Cir. 2008).  Therefore, Judicial Defendants may not be sued in their official capacity because they have sovereign immunity and may not be sued in federal court under the Eleventh Amendment.

Likewise, any individual capacity claim against Judicial Defendants would be barred by absolute judicial immunity.  A judicial officer, in the performance of his official duties, is absolutely immune from suit and is not liable for his judicial acts.  Azbuko v. Royal, 434 F.3d 302, 303 (3d Cir. 2006).  A judge will be subject to liability only when he has acted in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Plaintiffs' claims involve actions that were taken in the performance of Judicial Defendants' duties as judges and court-appointed masters in the courts of Delaware County.  The attachments to Plaintiffs' Complaint and Motion to Amend largely consist of court documents which demonstrate that Judicial Defendants were performing judicial acts on matters over which they had jurisdiction.  Morever, Plaintiffs offer no facts to suggest that Judicial Defendants acted in the clear absence of all jurisdiction.

Consequently, Judicial Defendants are entitled to immunity in their official and individual capacity from any claim under Section 1983.

## V. CONCLUSION

For the reasons noted above, Defendants' Motion to Dismiss will be granted and Plaintiffs' Complaint will be dismissed in its entirety. An appropriate Order follows.